# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAROLYN A. WILSON,<br><br>      Plaintiff,<br><br>      vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER AFFRIMING THE COMMISSIONER'S FINAL DECISION**<br><br>Case No. 2:16-cv-00110-PMW<br><br><br>Chief Magistrate Judge Paul M. Warner |

Plaintiff Carolyn A. Wilson, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). Pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure, both parties have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit (Doc. 12). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on June 29, 2017, the Court concludes that substantial evidence supports the Commissioner's decision to deny benefits and that proper legal standards were applied.

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id.* (citation omitted). The Court may neither "reweigh the evidence [n]or

substitute [its] judgment for the" administrative law judge (ALJ)'s. *Id.* (citation omitted).

Where the evidence as a whole can support either the agency's decision or an award of benefits,

the agency's decision must be affirmed. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir.

1990).

In this case, Plaintiff claimed disability based on pain in her neck and back, migraines,

and numbness in her hip and hands (Tr. 195). She holds an accounting degree and worked as a

billing specialist, in communications, and as a contract agent with a medical clinic (Tr. 34,

196-97, 203-06). She stopped working in 2008 when the company she worked for transferred

the accounting department to Texas (Tr. 34). In December 2009, Plaintiff lost control of her car

on the ice and ran into a telephone pole going five miles per hour (Tr. 356; *see also* Tr. 32, 263).

She fractured her L1 vertebrae and the thoracic (T1) spinal process; she was also diagnosed with

spinal canal stenosis (narrowing) at L4-5 and L5-S1 (Tr. 357, 359, 384).

An ALJ denied Plaintiff's application for benefits after a hearing in May 2014

(Tr. 14-24). In her September 2014 decision, the ALJ followed the five-step sequential

evaluation process for evaluating disability claims (Tr. 14-24). *See generally* 20 C.F.R.

§ 404.1520(a)(4). As relevant here, the ALJ found that Plaintiff's lumbar degenerative disc

disease and obesity were "severe" impairments, but her headaches, carpal tunnel syndrome,

depression, and anxiety were not "severe" (Tr. 16-17). None of Plaintiff's impairments met or

equaled a listed impairment, and Plaintiff retained the residual functional capacity to perform a

range of light work that would be performed primarily when seated with the ability to alternate

sitting and standing (Tr. 18-19). Considering this residual functional capacity, the ALJ found

that because Plaintiff could perform her past work as a billing and account clerk, Plaintiff was

not disabled under the Act (Tr. 23-24).  The Appeals Council then declined Plaintiff's request for review in January 2016 (Tr. 1-3).

Plaintiff challenges the ALJ's decision by asserting error at step two and various errors in assessing her residual functional capacity (*see generally* Doc. 14, Plaintiff's Brief (Pl. Br.)). After careful review of the entire record, the Court concludes that Plaintiff's arguments do not establish reversible error.

First, the Court finds the ALJ did not err at step two by failing to conclude that Plaintiff's headaches were severe.  The ALJ reasonably observed that although Plaintiff reported having headaches for two years, her examination records contain only two previous complaints of headaches in May 2010 and in July 2010, when she reported having periodic tension/migraine headaches when she did not use her back brace (Tr. 281, 287).  Indeed, the record shows that Plaintiff did not receive treatment for headaches until May 2013—more than four years after her alleged onset of disability (Tr. 641).

More importantly, the ALJ found that at least one other impairment was "severe" and appropriately moved on to step three in the sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520(c), 404.1523.  "Once the ALJ finds that the claimant has *any* severe impairment, he has satisfied the analysis for purposes of step two."  *Hill v. Astrue*, 289 F. App'x 289, 292 (10th Cir. 2008) (unpublished) (emphasis in original).  Thus, even assuming that the ALJ did err by failing to find that Plaintiff's headaches were severe, any error is rendered harmless because the ALJ found that Plaintiff could not be denied benefits conclusively at step two and she proceeded to the next step.  *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("Nevertheless, any error [in not finding a specific impairment 'severe' at step two] here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied

benefits conclusively at step two and proceeded to the next step of the evaluation sequence.")

(remanded on other grounds).  The severity finding at step two is merely a threshold showing

that must be made by a claimant so as to require the sequential analysis to continue.  *See* 20

C.F.R. §§ 404.1520(c), 404.1523.  Once the claimant shows that she has any "severe"

impairment at step two, as she did here, the ALJ proceeds with the sequential evaluation process

and considers all impairments, both severe and non-severe.  *Id.*  Here, the Court also notes that

Plaintiff failed to present evidence showing that she had functional limitations from these

impairments in excess of those the ALJ included in her residual functional capacity assessment.

*See, e.g.*, *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (ALJ only required to include

limitations that he finds supported by the record).

     Next, the Court concludes that the ALJ did not err by giving Plaintiff's treating medical

provider's opinion little weight.  Matthew B. Johnson, M.D., stated that due to Plaintiff's spinal

stenosis and vertebral fracture, she would not be able to work in a position involving climbing,

bending, lifting, or prolonged sitting due to pain (Tr. 22, 670).  Dr. Johnson also completed a

form indicating that Plaintiff would miss three to four workdays a month because of headaches

that occurred several times a week and lasted 24 hours (Tr. 22, 668).  Even if a doctor is deemed

a treating physician, the opinion of that doctor is only entitled to controlling weight if it is

well-supported by the medical evidence and "is not inconsistent with other substantial evidence"

in the record.  20 C.F.R. § 404.1527(c)(2); *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir.

2003) ("[i]t is an error to give an opinion controlling weight simply because it is the opinion of a

treating source if it is not well-supported by medically acceptable clinical and laboratory

diagnostic techniques or if it is inconsistent with the other substantial evidence in the case

record" (quotation and citation omitted)).

Here, the ALJ found that these opinions by Dr. Johnson were not well-supported by the medical evidence and were inconsistent with other substantial evidence in the record.  20 C.F.R. § 404.1527(c)(2).  The ALJ then articulated "specific, legitimate reasons" for the limited weight she accorded to Dr. Johnson and found that Dr. Johnson's opinions were conclusory with little explanation of the evidence he relied upon when forming his opinions.  *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion.").  The ALJ also explained the opinions were not supported by Dr. Johnson's own examination findings, or the objective clinical or diagnostic findings.  20 C.F.R. §§ 404.1527(c)(2)-(4); *see also Jones v. Colvin*, 610 F. App'x 755, 759 (10th Cir. 2015) (unpublished) (concluding that the ALJ could rely on the fact that an opinion was not well supported both in finding that the opinion was not entitled to controlling weight and in finding it was entitled to little weight).  In fact, Dr. Johnson did not indicate that Plaintiff's functional abilities were limited at any of his examinations (Tr. 267-70, 276, 281, 287-89, 292-94, 298-300, 303-06, 319-20, 341-45, 350, 444-48, 588-90, 593-649).  The medical record, when taken as a whole, is consistent with the ALJ's finding, and the ALJ provided sufficient reasons, based on the legal standard of review, for rejecting the medical opinions of Dr. Johnson.  Thus, the ALJ did not err.

The Court also concludes the ALJ's finding that Plaintiff could perform a range of light work with limitations was not flawed.  As an initial matter, the Court notes that Plaintiff did not offer any legal or evidentiary support for her arguments that the ALJ erred by finding she could lift or carry 20 pounds occasionally and 10 pounds frequently while using a cane.  *See Eateries,*

*Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (citation and quotation omitted)).  Moreover, the ALJ considered Plaintiff's need for a cane and included the limitation that Plaintiff's work must be performed primarily from a seated position (Tr. 19).  The ALJ also included the requirement that Plaintiff be able to alternate from sitting to standing at least every 30 minutes, while remaining on task at the assigned workstation.  Therefore, the ALJ's RFC finding is supported by substantial evidence.

Finally, the Court finds that the ALJ did not err in assessing Plaintiff's credibility.  The ALJ articulated sufficient reasoning, including citing to inconsistencies between Plaintiff's testimony and other evidence in the record, and relied upon proper factors in determining that overall Plaintiff's testimony was not entirely credible.  *See* Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *2; *see also Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).  For example, the ALJ considered that Plaintiff's medications were relatively effective in controlling her alleged symptoms, and noted Plaintiff did not engage in recommended alternate therapies (Tr. 21).  20 C.F.R. §§ 404.1529(c)(3)(iv)-(v).  The ALJ considered Plaintiff's reported daily activities to her physician that she could do laundry, unload the dishwasher, clean the litter box, and do some bending (Tr. 21).  20 C.F.R. § 404.1529(c)(3)(i).  The ALJ also considered Plaintiff's testimony that she stopped working in 2008 because the company she worked for transferred the accounting department to Texas (Tr. 34).  20 C.F.R. § 404.1529(c)(3) (stating an ALJ must consider evidence about a claimant's prior work record); *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990) (indicating that a claimant's admission that she did not leave employment as a result of a health-related impairment was relevant to a determination of disability).  Plaintiff's challenge to the ALJ's evaluation of her subjective

complaints about her impairment related symptoms essentially amounts to an improper request that this Court engage in fact finding.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) ("Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." (quotation and citation omitted)); *see also Wingender v. Colvin*, No. 15-1400-JWL, 2016 WL 6680999, at *3 (D. Kan. Nov. 16, 2016) (slip copy) ("[T]he question for the court is not whether the evidence supports Plaintiff's argument, but whether the evidence supports the ALJ's decision." (*citing Lax*, 489 F.3d at 1084)).

When viewed in its entirety, the record contains substantial evidence to support the ALJ's finding that Plaintiff was not disabled.  As noted above, this Court is not authorized by law to re-weigh the evidence.  *Lax*, 489 F.3d at 1084.  Even assuming that the Court may have arrived at a different conclusion, the Court must determine whether the ALJ had substantial evidence to support her findings and decision.  Thus, the Court concludes that the ALJ's decision in this matter is sufficiently supported by substantial evidence in the record and that the correct legal standards were applied.  As such, Plaintiff's arguments fail as a matter of law.  Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED this 3rd day of August, 2017.

BY THE COURT:

_____

PAUL M. WARNER
Chief United States Magistrate Judge